IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Sanford S. King and Janice K. King, as assignees of CMH Homes, Inc., | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No.: 2:08-cv-1056-PMD |
| v. | ) ) | **ORDER** |
| Allied Home Mortgage Capital Corporation, | ) ) ) ) ) | |
| Defendant. | ) ) | |

This matter is before the court upon Defendant Allied Home Mortgage Capital Corporation's ("Defendant" or "Allied") Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. For the reasons set forth herein, the court denies Defendant's motion.

**BACKGROUND**

On September 29, 2006, Plaintiffs Sanford S. King and Janice K. King filed a Complaint ("First Complaint" or "First Action") in the Court of Common Pleas for the Ninth Judicial Circuit against the following defendants: CMH Homes, Inc.; Federal Guaranty Mortgage Company; Allied Home Mortgage Capital Corporation; Archie Jones; Terry Bacon; Barbara Turner Wallace; and Grant Wallace. The First Complaint dealt with the sale, construction, and financing of a modular home in Summerville, South Carolina, and Plaintiffs alleged, *inter alia*, that the defendants (1) overcharged them for the home; (2) charged Plaintiffs fees for services not actually performed; (3) failed to provide a modular home as agreed; and (4) charged Plaintiffs a predatory interest rate based on a false valuation of the modular home. (*See* First Compl.) Plaintiffs listed the following causes of action in their First Complaint: (1) fraud; (2) rescission; (3) constructive fraud; (4) negligent

misrepresentation; (5) breach of contract accompanied by a fraudulent act; (6) breach of contract; (7) violation of the South Carolina Unfair Trade Practices Act; (8) negligence; (9) violation of the South Carolina Consumer Protection Code; (10) civil conspiracy; (11) promissory estoppel; (12) reformation; and (13) specific performance.

On October 26, 2007, Judge R. Markley Dennis, Jr. signed an order, upon the joint motion of Plaintiffs and Allied, referring Plaintiffs' claims against Allied to binding arbitration.[1]  An arbitration hearing took place before Thomas J. Wills on January 28, 2008.  On January 29, 2008, Plaintiffs took an assignment of the claims of CMH Homes, Inc., a defendant named in the First Complaint, and Plaintiffs' counsel argued this assignment as a basis for recovery in a Supplemental Memorandum filed on February 4, 2008.  Mr. Wills issued an Arbitration Order dated February 5, 2008, in which he found for Allied.  This Arbitration Order states, *inter alia*,

> The plaintiffs claim that the defendants' branch manager, Barbara Turner Wallace, stole $6,777.89 from funds disbursed in the settlement of the purchase by the plaintiffs of a modular home from CMH Homes, Inc.  The preponderance of the evidence establishes that the funds were, in fact, stolen by Mrs. Wallace and her husband.

(Notice of Removal Ex. 5 at 1.)  The order indicates that Plaintiffs negotiated a purchase price for the modular home in the amount of $187,000, and that the seller (CMH Homes, Inc.), was to be paid this $187,000 less certain expenses charged to the seller.  (*Id*. at 1-2.)  The order further states,

> The charge for this work was the $6,777.89 now claimed by the plaintiffs in this action.
> 
> The evidence establishes that the plaintiffs received full value for the agreed upon price and that CMH Homes, Inc. paid $6,777.89 for work that was never performed; Mr. and Mrs. Wallace having stolen the money.  The plaintiffs' proof is that CMH Homes, Inc. received $6,777.89 less than they were entitled to because of

---

[1]The order signed by Judge Dennis indicated that all other appearing parties had been dismissed from the action.

the theft by the Wallaces.

(*Id*. at 2.) In other words, Plaintiffs could not recover because the money was stolen from CMH Homes, not Plaintiffs. Then, in a paragraph particularly important to the case *sub judice*, the Arbitration Order states,

> In a supplemental memorandum submitted by the counsel for plaintiffs, the assertion is made that CMH Homes assigned its claims to the plaintiffs, a copy of what purports to be an assignment is attached to the memorandum. The assignment is dated January 29, 2008, the day after the hearing. As the assignment was not part of the evidence presented at the trial of this matter, it cannot be considered at this time. The plaintiff[s] did not try their case on the basis of an assignment from CMH and, in fact, had no assignment at the time of trial.

(*Id*. at 2-3.)

On February 12, 2008, a Notice of Entry of Judgment was filed with the Charleston County Court of Common Pleas, dismissing the First Action pursuant to the findings of the arbitrator. Then, on February 22, 2008, Sanford S. King and Janice K. King, as assignees of CMH Homes, Inc., filed suit in the Court of Common Pleas for the Ninth Judicial Circuit against Allied Home Mortgage Capital Corporation ("Second Complaint" or "Second Action"). This action concerned the sale of the same modular home and alleged that "[a]s a direct and proximate result of Ms. Turner's submission of the false . . . invoice, CHM Homes, Inc. paid an additional $6,777.89 at closing." (Second Compl. ¶ 11.) The Second Complaint lists the following causes of action: (1) fraud; (2) conversion; and (3) negligent misrepresentation. (*See* Second Compl.) Defendant filed a Notice of Removal on March 27, 2008, asserting this court has jurisdiction pursuant to 28 U.S.C. § 1332(a). (*See* Notice of Removal ¶ 9.) Defendant filed a Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on April 1, 2008.

## ANALYSIS

### A.    Appropriate Standard of Review

Defendant filed the instant Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, which allows a party to assert the defense of lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1).  In its Motion, however, Defendant states,

> Allied submits that this Court may take judicial notice of all documents referenced herein as exhibits, and thus such exhibits are properly before this Court on a motion to dismiss.  However, if the Court were to find otherwise, Allied would respectfully request that its Motion be converted into a Motion for Summary Judgment.

(Mot. at 1 (citations omitted).)  It is not entirely clear that Rule 12(b)(1) is the appropriate basis for Defendant's motion.  Defendant asserts that "Plaintiffs' claims in the Second Action are based on the same set of facts as in the First Action, which was adjudicated at arbitration and reduced to a state court judgment." (*Id*. at 3.)  Defendant continues,

> South Carolina law holds that an arbitrator's decision is *res judicata* as to a subsequent claim if the original claim was within the purview of the arbitrator, regardless of whether the claim was actually arbitrated or simply could have been arbitrated.  *See* Palmetto Homes, Inc. v. Bradley, 357 S.C. 485, 593 S.E.2d 480 (Ct. App. 2004). . . . Furthermore, the decision of the arbitrator was reduced to judgment by the Court of Common Pleas of the State of South Carolina, for the County of Charleston, and thus is entitled to full faith and credit by this Court.  *See* U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 251 (9th Cir. 1992) (state court's enforcement of arbitration award was *res judicata* in party's subsequent federal action).

(*Id*.)[2]

Defendant is thus arguing this court should grant its Motion to Dismiss because Plaintiffs' claims are barred by the doctrine of *res judicata*.  It is clear that a defendant may file a Motion to Dismiss pursuant to Rule 12(b)(6) on the grounds that the claims are barred by *res judicata*.  *See*

---

[2]This passage is the extent of Defendant's argument.

4

*Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000) ("Andrews . . . argues that Rule 12(b)(6) dismissal of his lawsuit on the basis of res judicata was procedurally inappropriate because the defense of res judicata was not clearly established by the affirmative allegations of the complaint. We disagree. This Court has previously upheld the assertion of res judicata in a motion to dismiss." (citing *Thomas v. Consolidation Coal Co.*, 380 F.2d 69, 75 (4th Cir. 1967)); *Briggs v. Newberry County Sch. Dist.*, 838 F. Supp. 232, 233 (D.S.C. 1992), *aff'd*, 989 F.2d 491 (4th Cir. 1993) (unpublished table decision) (granting the defendant's Motion to Dismiss pursuant to Rule 12(b)(6), concluding the principles of claim preclusion prevented the litigation of the plaintiff's present claims). A motion pursuant to Rule 12(b)(1), however, is a challenge to the court's jurisdiction, which does not appear to be at issue here. The court will therefore interpret Defendant's motion as a Motion to Dismiss pursuant to Rule 12(b)(6), but because the court considers materials outside the pleadings, will convert the motion to a Motion for Summary Judgment.[3] *See* Fed. R. Civ. P. 12(d); *see also Thompson v. County of Franklin*, 15 F.3d 245, 253 (2d Cir. 1994) ("[W]e note that the doctrine of *res judicata* or issue preclusion in no way implicates jurisdiction. *Res judicata* challenges may properly be raised via a motion to dismiss for failure to state a claim under Rule 12(b)(6)."); *Hatton v. Alexander*, No. 6:06cv271, 2007 WL 1007599, at *6 (E.D. Tex. Mar. 30, 2007) ("[A] motion to dismiss under Rule 12(b)(1) may not be granted under the preclusion doctrine of *res judicata*, although *res judicata* may be raised under Rule 12(b)(6).").

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ.

---

[3] Such an outcome is in line with Defendant's request that the court convert the Motion to Dismiss into a Motion for Summary Judgment if necessary.

5

P. 56(c). The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "obligation of the nonmoving party 'is particularly strong when the nonmoving party bears the burden of proof.'" *Hughes v. Bedsole*, 48 F.3d 1376, 1381 (4th Cir. 1995) (quoting *Pachaly v. City of Lynchburg*, 897 F.2d 723, 725 (4th Cir. 1990)). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual basis." *Celotex*, 477 U.S. at 327.

**B.     Legal Analysis**

As noted above, Defendant argues this court should grant its motion because Plaintiffs' claims are barred by the doctrine of *res judicata*. Pursuant to the doctrine of *res judicata*, "'[a] litigant is barred from raising any issues which were adjudicated in the former suit and any issues which might have been raised in the former suit.'" *Plum Creek Dev. Co. v. City of Conway*, 334 S.C. 30, 34, 512 S.E.2d 106, 109 (1999) (quoting *Hilton Head Ctr. of S.C., Inc. v. Pub. Serv. Comm'n of S.C.*, 294 S.C. 9, 11, 362 S.E.2d 176, 177 (1987)). "The doctrine requires three essential elements: (1) the judgment must be final, valid and on the merits; (2) the parties in the subsequent

6

action must be identical to those in the first; and (3) the second action must involve matter properly included in the first action." *Town of Sullivan's Island v. Felger*, 318 S.C. 340, 344, 457 S.E.2d 626, 628 (Ct. App. 1995).

Defendant cites *Palmetto Homes, Inc. v. Bradley*, 357 S.C. 485, 593 S.E.2d 480 (Ct. App. 2004), for the proposition that "an arbitrator's decision is *res judicata* as to a subsequent claim if the original claim was within the purview of the arbitrator, regardless of whether the claim was actually arbitrated or simply could have been arbitrated." (Mot. at 3.) Plaintiffs indicate that they "do not dispute this proposition of law" but state instead that "CMH Homes' claims against Allied were not in the purview of the arbitrator." (Resp. in Opp'n at 5.) The court agrees with Plaintiffs. Contrary to Defendant's assertion, Plaintiffs are not simply bringing the same action twice. As Plaintiffs note in their Response in Opposition, they did not even take assignment of CMH Homes' claims until the day *after* the arbitration hearing. While Plaintiffs did attempt to use that assignment as a basis of recovery from arbitration, the arbitrator rejected the argument, concluding it was not properly before him and stating:

> In a supplemental memorandum submitted by the counsel for plaintiffs, the assertion is made that CMH Homes assigned its claims to the plaintiffs, a copy of what purports to be an assignment is attached to the memorandum. The assignment is dated January 29, 2008, the day after the hearing. As the assignment was not part of the evidence presented at the trial of this matter, it cannot be considered at this time. The plaintiff[s] did not try their case on the basis of an assignment from CMH and, in fact, had no assignment at the time of trial.

(Notice of Removal Ex. 5 at 2-3.)[4] The court therefore concludes that CMH Homes' claims against Allied were not adjudicated in the First Action and could not have been raised therein. Because the

---

[4] The court further notes that Plaintiffs assert Allied had no arbitration agreement with CMH Homes. (Resp. in Opp'n at 5.)

7

claims at issue in the case *sub judice* were not within the purview of the arbitrator in the First Action, these claims are not barred by the doctrine of *res judicata*. *See Palmetto Homes*, 357 S.C. at 496, 593 S.E.2d at 486 ("Reading *Renaissance* [*Enterprises, Inc. v. Ocean Resorts, Inc.*, 330 S.C. 13, 496 S.E.2d 858 (1998)] as a whole, we believe the supreme court's footnote merely reflected that the plaintiff could not have been required to submit issues, or arbitrate breaches of contract, that had not yet occurred."); *cf. id.* at 495-96, 593 S.E.2d at 486 (rejecting the contractor's argument that in an arbitration setting, res judicata only bars claims that were actually arbitrated, not merely claims that could have been arbitrated).

## CONCLUSION

It is therefore **ORDERED**, for the foregoing reasons, that Defendant's Motion to Dismiss is **DENIED**.[5]

**AND IT IS SO ORDERED**.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**June 25, 2008**

---

[5] As noted herein, the court has treated the Motion to Dismiss as a Motion for Summary Judgment.

8